**Tyrone Eugene JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–03–00292–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 28, 2004.

Discretionary Review Refused
April 6, 2005.

Mary Connealy Acosta, Houston, for Appellant.

Charles A. Rosenthal, Jr., Dist. Atty.–Harris County, Alan Curry, Asst. Dist. Atty., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

EVELYN V. KEYES Justice.

Tyrone Eugene Johnson, appellant, was found guilty by a jury of the felony offense of murder.[1] The jury found two prior enhancements for aggravated assault true and assessed punishment at life in prison. In three points of error, appellant argues that (1) the trial court erred in finding that the State's copy of the punishment jury charge was an accurate copy of the missing court's charge; (2) the trial court erred in not instructing the jury during the punishment phase of the trial that the State must prove extraneous offenses beyond a reasonable doubt; and (3) appellant's trial counsel was ineffective for not requesting the trial court to instruct the jury that the State must prove extraneous offenses beyond a reasonable doubt. We affirm.

## Factual and Procedural Background

In June 2002, appellant attempted to break up an argument. Appellant and the thirteen-year-old complainant had a physical altercation. At some point, a crowd formed in the parking lot where the encounter occurred. The physical confrontation escalated and a male friend of the complainant's joined in the physical fight to defend her against appellant. The physical confrontation eventually ended, but the argument continued. The complainant, her male friend, and the others in her group left the parking lot and went into an apartment. Appellant continued to taunt the complainant's group after they went into the apartment. After complainant's family arrived at the apartment, she left with them to go home. In the meantime, the complainant's stepfather asked appellant what had happened. Appellant began yelling at the complainant's stepfather. While appellant was yelling, the complainant and her family started to walk home. Appellant retrieved a gun, ran down the street towards the complainant's family, and started shooting the gun. Appellant shot the complainant, her stepfather, and her mother. The complainant died from a gunshot wound to the head the following day. The jury convicted appellant of murder.

---

1. Tex. Pen.Code Ann. § 19.02 (Vernon 2003).

At the start of the punishment phase of the trial, appellant pleaded not true to the two enhancement paragraphs,[2] both for aggravated assault with a deadly weapon. In response to appellant's pleas of "not true," the State put on testimony from an expert from the Harris County Sheriff's Office and two witnesses who had been assaulted by appellant in the past, resulting in the convictions referenced in the two enhancement paragraphs. The first witness explained that on June 2, 1993, appellant shot both him and his companion in the back; appellant was subsequently convicted of aggravated assault with a deadly weapon on both counts.[3] The second witness explained that, on August 10, 1997, appellant hit her many times with a bat, resulting in the conviction that was the subject of the second enhancement paragraph. Penitentiary packets, jail cards, probation orders, judgments, and sentences were also admitted into evidence, showing that appellant was convicted of the offenses in the two enhancement paragraphs, and that he had three additional convictions for aggravated assault with a deadly weapon, delivery of cocaine, and auto theft. A fingerprint expert with the Harris County Sheriff's Office established that appellant was the same person convicted of the five offenses. The jury assessed appellant's punishment at life in prison.

In October 2003, this Court abated and remanded appellant's case for a hearing in the trial court because a deputy clerk in the Harris County District Clerk's Office had filed an affidavit attesting that the punishment charge in the case could not be located. We directed the trial court to determine whether the original punish-

ment charge had been lost or destroyed, and, if so, whether the parties could agree that an accurate copy existed. If the parties could not agree, we directed the trial court to determine what constituted an accurate copy and to order it included in the clerk's record or in a supplemental record. *See* TEX.R.APP. P. 34.5(e).

The trial court held the hearing in January 2004. Supplemental records of the proceedings have been filed in this Court. The trial court heard from the district attorney, appellant's trial counsel, and the court's clerk. The State produced a copy of the punishment jury charge from its file in this case. The court had the copy marked as Court's Exhibit No. 1. The court found that (1) the original punishment charge had been lost through no fault of the parties; (2) the parties did not agree that an accurate copy of the punishment charge existed; and (3) the State's copy of the punishment charge was "apparently an accurate copy" of the original, except that there were two underlinings on the first page of the verdict and the copy did not include the signatures of the trial court or the jury foreperson.

## Discussion

In his first point of error, appellant contends the trial court erred in finding that the State's copy of the punishment jury charge was "apparently an accurate copy" of the missing charge, and, therefore, the case should be reversed and remanded for a new trial on punishment.

### Trial Court's Order Supplementing the Record

When a filing designated for inclusion in the clerk's record has been lost or de-

---

2. An enhancement paragraph raises the statutory minimum sentence for a repeat or habitual felony offender. *See* TEX. PEN.CODE ANN. § 12.42 (Vernon 2003).

3. Appellant's conviction for the aggravated assault with a deadly weapon against the witness's companion was not used as an enhancement paragraph.

stroyed, Texas Rule of Appellate Procedure 34.5(e) provides that the parties may, by written stipulation, deliver a copy of the filing to the trial court clerk for inclusion in the record. TEX.R.APP. P. 34.5(e). If the parties cannot agree, the trial court must determine what constitutes an accurate copy of the missing document and order it included in the record. *Id.; Camp v. State*, 16 S.W.3d 920, 921 (Tex.App.-Waco 2000, pet. ref'd). We afford almost total deference to a trial court's rulings on questions of fact, particularly when the trial court's ruling turns on the credibility of the witnesses. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

The trial court heard from appellant's trial counsel, the court's clerk, and an assistant district attorney. The court's clerk stated that she believed the likelihood of her finding the missing jury charge was almost non-existent. Appellant's counsel stated that he was unable to find a copy of the missing jury charge in his records. He believed there may have been one or two charges made prior to giving the charge to the jury. He stated he did not believe that he had a copy of the charge. The court then heard from the assistant district attorney. The assistant district attorney had located the State's copy of the missing charge in its file. He explained this was the only copy in the State's file, that it was not signed by the judge, and that the word "life" was underlined; he believed this was the only copy in existence. At this point, the assistant district attorney offered the State's copy of the punishment charge to the trial court.

The trial court concluded on the basis of this evidence that the charge found in the State's file was "apparently an accurate copy" of the missing jury charge, except that the copy did not contain the signatures of the trial judge or the foreman of the jury and had two underlinings on the

first verdict page. The trial court ordered the clerk to supplement the record with this copy. There was no contravening evidence to show that, with the exceptions noted, the charge was not an accurate copy of the charge submitted to the jury.

According almost total deference to the trial court's implied finding that the copy was an accurate copy of the charge submitted to the jury, with the exceptions noted, we hold that the trial court did not err in ordering the record supplemented with the charge found in the State's file.

We overrule appellant's first point of error.

### Jury Charge

■ In his second point of error, appellant contends the trial court erred in not instructing the jury during the punishment phase of the trial that the State must prove extraneous offenses beyond a reasonable doubt. Appellant specifically complains that the jury charge lacked an instruction that the jury must find beyond a reasonable doubt that appellant committed any extraneous offenses or bad acts that the State introduced at the punishment phase of appellant's trial.

■ Article 37.07 § 3(a)(1) of the Texas Code of Criminal Procedure provides:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a

reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (Vernon Supp.2004). A plain reading of the article shows that extraneous crimes or bad acts that are not part of the defendant's prior criminal record must be proved beyond a reasonable doubt. However, Article 37.07 § 3(a) does not require the State to prove beyond a reasonable doubt those offenses for which a defendant has already been convicted; the only acts requiring such proof are those extraneous bad acts for which the defendant has not been convicted. *See Bluitt v. State*, 137 S.W.3d 51, 54 (Tex.Crim.App.2004) (analyzing the plain language of Article 37.07 § 3 and finding that the "criminal record of the defendant is not grouped with extraneous offenses, and therefore we presume that the legislature did not intend to require the same burden of proof that it attached to extraneous, unadjudicated offenses.").

Appellant relies on *Huizar v. State*, which holds that a trial court should instruct the jury sua sponte on the burden of proof for extraneous offenses or bad acts admitted at the punishment stage of the trial. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex.Crim.App.2000). In the instant case, the only evidence admitted in the punishment stage of the trial concerned appellant's prior convictions. No evidence was admitted or discussed for extraneous offenses or bad acts for which appellant had not been convicted. Therefore, *Huizar* does not apply. We hold that the trial court did not err by not instructing the jury that extraneous offenses must be proved beyond a reasonable doubt because the only testimony and evidence admitted

in appellant's punishment stage of trial concerned his prior convictions.

We overrule appellant's second point of error.

### Ineffective Assistance of Counsel

In his third point of error, appellant argues that his trial counsel was ineffective because he did not request the trial court to instruct the jury that the State must prove extraneous offenses beyond a reasonable doubt. As explained above, this cannot be ineffective assistance of counsel because no unadjudicated extraneous offense evidence was admitted during appellant's trial and, thus, no *Huizar* charge was required.

We overrule appellant's third point of error.

We affirm the trial court's judgment.