Opinion issued June 16, 2005








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00639-CR




HENRY WAYNE WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 985,745




MEMORANDUM OPINION

          A jury found appellant, Henry Wayne Williams, guilty of the felony offense of
theft of property, aggregated to a total of over $200,000, as alleged in the indictment,
and assessed punishment at thirty-five years’ confinement. Williams contends (1) the
trial court erred in denying his motion to suppress; (2) the trial court erred in failing
to instruct the jury to disregard evidence obtained illegally under Code of Criminal
Procedure Article 38.23; (3) the trial court erred in admitting evidence of an
extraneous offense of forgery under Rule 404(b); and (4) a State’s witness
erroneously commented that Williams had retained legal counsel during the
investigation. We affirm.
The Facts
          Williams and his wife owned and operated D&H Christian Case Management
(“D&H”), a nonprofit counseling center. D&H contracted with the State to provide
mental health counseling services to indigent children entitled to Medicaid benefits. 
In turn, the State reimbursed D&H for the costs of the counseling services rendered. 
          In October 2002, Rick Neeck, an administrative investigator with the Texas
Health and Human Services Commission, began investigating D&H. Neeck
discovered that D&H had engaged in improper billing practices. Specifically, D&H
had charged Medicaid for more hours of counseling sessions per day than possible
and always had billed Medicaid for the most expensive type of counseling sessions. 
          In furtherance of his investigation, Neeck visited D&H’s office in Harris
County, in April 2003. Neeck testified that Williams’s two daughters were in the
D&H office at that time. Neeck informed Williams’s daughters that he would like to
review D&H’s client files. Williams’s daughters told Neeck that Williams was out
of town and refused to allow Neeck access to the requested files without their father’s
consent. Neeck further testified that, during his first visit to D&H, he did not notice
any counselors or children. When questioned, Williams’s daughter, Krissinda
Richards, told Neeck that the counselors worked in the evenings.
          Neeck returned the following day to interview Williams and to retrieve the
files. During the interview, Williams’s attorney, Anthony Katrona, arrived. Neeck
explained his concerns about Williams’s operation of D&H and again requested the
client records pursuant to a provider agreement that Williams previously signed with
the Texas Health and Human Services Commission. The provider agreement
authorized access to the records. Neeck told Katrona that, if Williams refused to
allow him to take the client records, than he would be forced to return to Austin and
recommend that D&H be placed on vendor hold.


 After conferring with Katrona,
Williams used a crowbar to open the file cabinet. The next day, Williams phoned
Neeck and told him that he had found additional files. Neeck gave Williams
photocopies of these files and kept the originals. Neeck subsequently turned the
original client files over to an investigator with the Attorney General’s office. 
          As a result of Neeck’s investigation, the State executed a search warrant at
Williams’s residence and seized additional client files. The Texas Health and Human
Services Commission concluded that D&H fraudulently had billed Medicaid in the
amount of $632,424.12. 
          At trial, Williams testified that he used the revenues that D&H generated to pay
business-related expenses only. He denied over-billing Medicaid, and he denied
submitting fraudulent claims. Discussion
Motion to Suppress
          Williams contends the trial court erred in denying his motion to suppress
evidence obtained from the D&H office and from his residence, located at 23 Mist
Lane in Fort Bend County, Texas. The State contends that, although the trial judge
denied Williams’s pretrial motion to suppress, Williams failed to properly preserve
this issue for appeal. 
          We agree. On appeal, Williams complains that the trial court erroneously
denied his motion to suppress. In his briefing to this Court, however, Williams does
not raise a specific complaint regarding the trial court’s denial of his motion to
suppress, nor does he cite to any authority. See Tex. R. App. P. 38.1(h). Instead, he
cites authorities in support of his position that, because the State improperly seized
his client records, the trial court should have instructed the jury, sua sponte, under
Article 38.23. See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). Thus, we
hold that Williams has failed to state a specific ground for error in the trial court’s
ruling, and he has waived the complaint. 
          Moreover, the Court of Criminal Appeals has held that “when an accused
affirmatively asserts during trial that he has ‘no objection’ to the admission of the
complained evidence, he waives any error in the admission of the evidence, despite
the pretrial ruling.” Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); see
also Marbles v. State, 874 S.W.2d 225, 228 (Tex. App.—Houston [1st Dist.] 1994,
no pet.). Although Williams moved to suppress the evidence pretrial and secured a
ruling, during trial he stated expressly that he had no objection to many of the State’s
145 exhibits. His general objection at the motion to suppress hearing, his later
affirmative acquiescence to the admission of many of the exhibits, and his failure to
note any objection to a specific exhibit on appeal present nothing for us to review. 
We therefore hold that Williams failed to preserve this issue for appeal. 
Jury Instruction
          Williams further contends the trial court erred in failing to include a jury
instruction under Code of Criminal Procedure Article 38.23. The State responds that
Williams waived this issue. The Legislature articulates Texas’s exclusionary rule in
Article 38.23(a), providing that, if the evidence raises a fact issue as to whether the
admitted evidence was obtained in violation of the United States Constitution or
Texas laws, then “the jury shall be instructed that if it believes, or has a reasonable
doubt, that the evidence was obtained in violation of the provisions of this Article,
then and in such event, the jury shall disregard any such evidence so obtained.” Tex.
Code Crim. Proc. Ann. art. 38.23(a); see also Mendoza v. State, 88 S.W.3d 236, 239
(Tex. Crim. App. 2002). A trial court is required to include an Article 38.23
instruction in the jury charge if a factual dispute exists as to the manner in which the
State obtained the evidence. Balentine v. State, 71 S.W.3d 763, 773 (Tex. Crim. App.
2002) (citing Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986)). “The
evidence which raises the issue may be strong, weak, uncontradicted, unimpeached,
or unbelievable.” Mendoza, 88 S.W.3d at 239 (citing Muniz v. State, 851 S.W.2d
238, 254 (Tex. Crim. App. 1993)). 
          In his appellate briefing, Williams contends that Neeck threatened him into
allowing access to his client files at the D&H office, and this illegally seized evidence
produced the probable cause that allowed the State to obtain the search warrant for
his residence. 
          Here, the record does not reflect a factual dispute regarding the manner in
which the State obtained evidence. Williams, along with his attorney, gave Neeck
D&H client files in April 2003. Williams testified that he consented to Neeck’s
request and that he was aware Neeck did not possess a search warrant. Williams
testified at the suppression hearing that, in April, Neeck requested certain client files
and threatened to “come back with marshals or something” if Williams did not
comply. Neeck assisted Williams in opening the file cabinet with a crowbar. 
Williams testified that he was not aware of the “technicalities” in the provider
agreement that allowed Neeck to retrieve the files, but admitted that the provider
agreement required him to provide D&H client files during an audit. Later, at trial,
Williams testified that he gave Neeck the records, and “there was no way I was not
going to comply.” 
          We hold that the evidence does not raise a factual dispute as to the manner in
which the evidence was obtained. Based upon the undisputed facts, it was then
incumbent upon the trial court, not the jury, to determine whether the facts presented
unconstitutional coercion. Maldonado v. State, 998 S.W.2d 239, 246–47 (Tex. Crim.
App. 1999). We conclude that Williams was not entitled to a jury instruction under
Article 38.23 and therefore hold that the trial court did not err in sua sponte failing
to submit a jury instruction.


 
Extraneous Offense Evidence
          Williams contends that the trial court erred in admitting witness testimony of
an extraneous offense in violation of Texas Rule of Evidence 404(b). Specifically,
Williams complains that Charles Clemons, a former counselor at D&H, testified that
Williams forged Clemons’s signature on a document and this testimony amounted to
an extraneous offense of forgery. As such, Williams contends the State failed to
provide him with proper notice of the extraneous offense required by Rule 404(b)
and, further, the trial court should have sua sponte submitted a jury instruction
regarding the burden of proof for extraneous offenses. See Tex. R. Civ. P. 404(b); see
also Huizar v. State, 12 S.W.3d 479, 484–85 (Tex. Crim. App. 2000) (holding that,
during punishment phase of non-capital cases, trial court is statutorily required, but
not constitutionally required, sua sponte, to instruct jury on burden of proof for
extraneous offenses or bad acts); Johnson v. State, No. 01-03-00292-CR, 2004 WL
2415115, at *4 (Tex. App.—Houston [1st Dist.] Oct. 28, 2004, pet. ref’d). The State
responds that Williams waived this issue by failing to object at trial, and further, even
if Williams had preserved error, Clemons’s testimony is not evidence of an
extraneous offense committed by Williams. 
          The Court of Criminal Appeals has held that, if requested during the guilt-innocence phase of trial, the trial court must instruct the jury not to consider
extraneous offense evidence admitted for a limited purpose unless the State proves
beyond a reasonable doubt that the defendant committed the extraneous offense. See
George v. State, 890 S.W.2d 73, 76 (Tex. Crim. App. 1994); Rodriguez v. State, 137
S.W.3d 228, 230–31 (Tex. App.—Houston [1st Dist.] 2004, no pet.). 
          Williams apparently asks this Court to extend the duty discussed in Huizar, sua
sponte, to instruct the jury as to extraneous offenses to the guilt-innocence phase of
trial. In two recent opinions, we have declined to do so. See Graves v. State, No. 01-03-00142-CR, 2004 WL 2306698, at *7 (Tex. App.—Houston [1st Dist.] Oct. 14,
2004, pet. filed); Rodriguez, 137 S.W.3d at 231.


 Following our Court’s decisions
in Graves and Rodriguez, we hold that Article 37.07 expressly relates only to the
punishment phase of a trial, and thus the trial court did not err in failing sua sponte
to give a reasonable-doubt instruction regarding the proof of extraneous offenses. 
Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon Supp. 2004-2005).
Comment on Williams’s Representation
          In his final issue, Williams contends the trial court erred in admitting evidence
that he had retained an attorney, and therefore we must reverse and remand the cause
for a new trial. Specifically, he contends the trial court allowed the State to present
this evidence in violation of Article 38.38. Tex. Code Crim. Proc. Ann. art. 38.38
(Vernon 2005) (providing that “[e]vidence that a person has contacted or retained an
attorney is not admissible on the issue of whether the person committed a criminal
offense.”). Williams complains that Neeck’s testimony that he had a conversation
with Williams’s attorney at the D&H office improperly reflects that Williams “was
committing wrong acts and infers guilt.” The State responds that Williams failed to
object at trial, thereby waiving this issue for appeal. 
          To preserve a complaint for appellate review, a defendant must make a timely,
specific objection to the trial court. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103. The
complaining party must object at the earliest possible opportunity and obtain an
adverse ruling. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (citing
Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) and Turner v. State,
805 S.W.2d 423, 431 (Tex. Crim. App. 1991)). Arguments on appeal must comport
with the objection at trial, or the error is waived. See id. An objection will be
sufficient to preserve error for appellate review if it communicates to the trial judge
the objecting party’s requested relief and the basis for the relief in a manner clear
enough for the judge to understand the objection and request, and if it is made at a
time when the trial court can act upon the request. Lankston v. State, 827 S.W.2d
907, 909 (Tex. Crim. App. 1992). 
          Williams did not object to Neeck’s testimony, nor did he request a limiting
instruction or an instruction to disregard the testimony. The Court of Criminal
Appeals has stated that Article 38.38 is evidentiary in nature, and as such, any
violation is generally curable with an instruction to disregard. See State v. Lee, 15
S.W.3d 921, 926 n.8 (Tex. Crim. App. 2000). We therefore hold that Williams failed
to preserve this issue for appeal. 

Conclusion
          We hold that (1) Williams did not properly preserve for appeal his complaint
that the trial court erroneously denied his motion to suppress; (2) the trial court did
not err in failing to instruct the jury under Code of Criminal Procedure Article 38.23
because no factual dispute arose as to the manner in which the investigators obtained
the evidence; (3) the trial court did not err in failing to submit, sua sponte, a
reasonable doubt instruction concerning extraneous offenses during the guilt-innocence phase of the trial; and (4) Williams did not preserve for appeal his
complaint that the State’s witness improperly testified that he had retained counsel
under Code of Criminal Procedure Article 38.38. We therefore affirm the judgment
of the trial court. 
 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).