Affirmed and Memorandum Opinion filed August 30, 2007








Affirmed and Memorandum Opinion filed August 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00838-CR

_______________

 

DAVIS DANIEL GOBERT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 184th District Court


Harris  County, Texas

Trial Court Cause No. 1005179

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Davis Daniel Gobert appeals a
conviction for possession of a controlled substance[1]
on the grounds that the trial court abused its discretion by: (1) admitting
into evidence statements appellant made to police pursuant to a custodial
interrogation; and (2) finding that the State=s copy of the missing punishment jury
charge was accurate.  We affirm.

 

 








Custodial Interrogation 

Appellant=s first three issues argue that his
statements to police officers concerning his use of the crack pipes that police
discovered in appellant=s motel room were inadmissible because the statements were
made pursuant to a custodial interrogation before appellant had been given Miranda[2]
warnings, as required by the United States and Texas Constitutions and Texas
Code of Criminal Procedure article 38.22.  Specifically, appellant contends he
was Ain custody@ as soon as the officers found the
narcotics paraphernalia in the motel room because at that point, the officers
had probable cause to arrest him.

A person is in Acustody@ for this purpose if there is either
a formal arrest or  circumstances in which a reasonable person would otherwise
believe that he was not at liberty to terminate the interrogation and leave.  Yarborough
v. Alvarado, 541 U.S. 652, 663 (2004).  Custody can exist where officers:
(1) have probable cause to arrest a suspect; (2) manifest their knowledge of it
to the suspect, such as where information substantiating probable cause is
related by the suspect or officers to the other; and (3) do not tell the
suspect that he is free to leave. Dowthitt v. State, 931 S.W.2d 244, 255
(Tex. Crim. App. 1996).

In this case, appellant and a female
occupant were stopped outside the parking lot of a motel for an expired vehicle
registration.  Because of appellant=s Aweird@ behavior, Deputy Stech asked
appellant if he had any drugs or weapons, and appellant responded that he had
smoked crack cocaine a few hours earlier.  However, when Stech asked appellant
if he had any crack in his motel room, appellant responded that he did not and
gave the officers permission to search the motel room.  In that search, Deputy
Savell found two pipes and an aluminum can that had been used to cook crack
cocaine.  When Stech asked who owned the items, the woman said that the pipes
were hers, and appellant said that he had used one of the pipes to smoke the
crack cocaine.  The officers then placed both appellant and the woman under
arrest for possession of a controlled substance.








Appellant contends that he was in
custody the moment the officers found the drug paraphernalia in the motel room
because there was then probable cause to arrest him and he was not told that he
was free to go.  However, probable cause to arrest requires facts and
circumstances that reasonably support an objective belief that the person
arrested had committed or was committing an offense.  See Parker v.
State, 206 S.W.3d 593, 596 (Tex. Crim. App. 2006).  There is thus a
significant difference between probable cause to believe that someone
has committed an offense and probable cause to believe that a particular
person has committed an offense.  Id. at 596-97.

In this case, because the drug
paraphernalia was found in a motel room occupied by both appellant and a female
companion, and appellant had affirmatively denied that he had any drugs
in the motel room, the officers did not have probable cause to arrest appellant
upon mere discovery of the pipes and can in the motel room, but only when
appellant stated that he had smoked the cocaine using one of the pipes.[3] 
Because appellant's first three issues thus fail to demonstrate that he was in
custody when the officers discovered the drug paraphernalia in the motel room,
they are overruled.

Missing Punishment Charge

Appellant=s fourth issue contends that the
trial judge erred in ruling that the State=s copy of the missing punishment
charge was accurate because there was conflicting evidence whether the copy was
accurate.[4]








When a filing designated for
inclusion in the clerk's record has been lost or destroyed,  the parties may,
by written stipulation, deliver a copy of the filing to the trial court clerk
for inclusion in the record.  Tex. R.
App. P. 34.5(e).  If the parties cannot agree, the trial court must
determine what constitutes an accurate copy of the missing document and order
it included in the record.  Id.  Almost total deference is afforded a
trial court's rulings on questions of fact, particularly when the trial court's
ruling turns on the credibility of the witnesses.  See Montanez v. State,
195 S.W.3d 101, 106 (Tex. Crim. App. 2006).

In this case, after the original
punishment charge was determined to be missing from the court=s file, and appellant=s counsel and the trial prosecutor
could not agree on stipulating to a substitute copy, this court abated the case
and ordered the trial court to hold a hearing to determine what constitutes an
accurate copy of the missing charge.  At the hearing, the trial prosecutor
testified that: (1) he had located a copy of the original punishment charge;
(2) he specifically remembered it as the one he reviewed in the case because of
his notations on it; and (3) he remembered that appellant had raised some
objections to the charge that were overruled, so this was the version submitted
to the jury.  Appellant=s trial counsel testified that his file did not contain a
copy of the original charge, and that: (1) ATo the best of my recollection, I
cannot say that this is the same copy of the same document.@; (2) AI cannot say that this is an accurate
copy of what was submitted to the jury during the trial.@; and (3) AIt=s my testimony that I don=t remember it as being the charge
presented to the jury.@  However, apart from not remembering it as the charge
submitted, appellant=s trial counsel did not affirmatively state that it was not
the same, cite any differences between it and the one submitted, or otherwise
give any reason to doubt that it was the same.








As the trier of fact, the trial court
weighed this evidence and concluded that the State=s copy constituted an accurate copy
of the charge and supplemented the clerk=s record accordingly.  Appellant=s fourth issue cites no authority or
rationale suggesting that this decision was outside the trial court=s discretion.[5] 
Accordingly, it is overruled, and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed August 30, 2007.

Panel consists of Chief Justice
Hedges, and Justices Fowler and Edelman.  (Fowler, J., concurring without
opinion).

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty and assessed
punishment at 20 years confinement.





[2]           See Miranda v. Arizona, 384 U.S.
436, 444 (1966).





[3]           Cf. Evans v. State, 202 S.W.3d 158,
161B62 (Tex. Crim. App. 2006) (stating that mere presence
at the location where drugs are found is insufficient, by itself, to establish
actual care, custody, or control over drugs); Deshong v. State, 625
S.W.2d 327, 329 (Tex. Crim. App. 1981) (stating that when the accused is not in
exclusive possession of the place where the substance is found, it cannot be
concluded that the accused had knowledge of and control over the contraband
unless there are additional independent facts and circumstances which
affirmatively link the accused to the contraband).    





[4]           Appellant contends that his trial objection
to the punishment charge cannot be appealed without the actual charge that was
submitted to the jury.  However, appellant=s
brief does not specify what objection he is referring to or cite any portion of
the record at which such an objection was made. Therefore, it is not possible
to review whether the objection pertains to the substituted copy of the
charge.  In addition, it is not clear how a mere lack of consensus on the copy
could demonstrate error in the trial court=s
decision, as appellant contends.  If the parties had agreed on the
substituted copy, there would have been no need for a hearing and determination
by the trial court in the first place.





[5]           See Johnson v. State, 176 S.W.3d 94,
97 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d).