Affirmed and Opinion Filed this 19th day of March, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01012-CR

## LARENZO BERLIN GLENN, Appellant
## V.
## THE STATE OF TEXAS, Appellee

## On Appeal from the 282nd Judicial District Court
## Dallas County, Texas
## Trial Court Cause No. F10-58147-S

## OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Lang

Following a plea of not guilty, appellant Larenzo Berlin Glenn was convicted by a jury of burglary of a habitation with intent to commit sexual assault. Punishment was assessed by the jury at life imprisonment. In his opening brief in this appeal, appellant complained in four issues that because the jury charge "completely fail[ed] to contain an application paragraph . . . or any definition of sexual assault," (1) the requirements of article 36.14 of the Texas Code of Criminal Procedure were not satisfied and (2) "[t]he evidence is insufficient when compared against the law on which the jury was charged."

Subsequent to the filing of appellant's opening brief and the clerk's record in this Court, a supplemental clerk's record was filed. The supplemental clerk's record contained a jury charge

that differed from the jury charge in the clerk's record. On appellant's motion, we abated this appeal and ordered the trial court to conduct a hearing to determine "which of the jury charges filed in the appellate record constitutes the correct jury charge given in this case." After the trial court complied with that order, this appeal was reinstated and supplemental appellate briefs were filed by the parties. In two "supplemental issues," appellant asserted the trial court (1) erred by failing to correctly apply Texas Rule of Appellate Procedure 34.5(d) and (2) abused its discretion in determining that the jury was read the charge contained in the supplemental clerk's record.

We decide against appellant on his two supplemental issues. In light of our resolution of those supplemental issues, appellant's issues in his opening brief are moot. The trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant timely filed this appeal on August 4, 2011. On October 27, 2011, the clerk's record was filed in this Court. The clerk's record contained a document titled "Charge of the Court" that consisted of five unnumbered pages (the "first-filed charge"). On the first page of that charge, the last line read as follows, with no period or end mark: "A person commits the offense of sexual assault if, the person intentionally or knowingly." On the second page of that charge, the first line read "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."

Appellant's opening brief in this Court, in which he complained as described above respecting the jury charge, was filed on January 25, 2012. On February 8, 2012, the supplemental clerk's record described above was filed. The supplemental clerk's record contained a document titled "Charge of the Court" that consisted of seven unnumbered pages

2

(the "second-filed charge").[1] Five of the seven pages of the second-filed charge were identical to the five pages of the first-filed charge. However, the second and sixth pages of the second-filed charge were not contained in the first-filed charge.

As in the first-filed charge, the last line on the first page of the second-filed charge read "A person commits the offense of sexual assault if, the person intentionally or knowingly," with no period or end mark. Unlike in the first-filed charge, there was an apparent continuation of that sentence on the second page of the second-filed charge. Specifically, the second page of the second-filed charge read in its entirety as follows:

> causes the penetration of the sexual organ of another person by any means, without that person's consent. Sexual assault is a felony.
>
> "Bodily injury" means physical pain, illness, or any impairment of physical condition.
>
> In this case, the indictment having charged that the burglarious entry, if any, was made and the defendant did then and there commit a felony, namely, sexual assault, before you would be warranted in finding the defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the entry, if any, was so made and the defendant did then and there commit a felony, namely, sexual assault.

The sixth page of the second-filed charge stated in its entirety

> Now, considering all the law contained in the Court's charge, if you find beyond a reasonable doubt that the Defendant, Larenzo Berlin Glenn, on or about the 16[th] day of July, A.D., 2010, in Dallas County, Texas, did unlawfully, intentionally or knowingly enter a habitation without the effective consent of Ana Saldana, the owner thereof, and committed a felony other than theft, namely, sexual assault, then you will find the defendant guilty of the offense of burglary of a habitation, and say by your verdict, guilty.
>
> If you do not so believe, or if you have a reasonable doubt to the defendant's guilt, then you will acquit the defendant and say by your verdict, not guilty.

---

[1] In his supplemental brief in this Court, appellant describes the two jury charges in question as containing six and eight pages, respectively. However, the record shows the jury charges in question contained five and seven pages, respectively, with a one-page "Verdict Form" attached at the end of each charge.

The State filed its appellate brief on February 17, 2012. The State contended therein that the issues in appellant's opening brief should be overruled because "the jury charge actually given, as shown in the supplemental clerk's record," contained "a proper application provision and a complete definition of sexual assault" and the evidence was "sufficient to support Appellant's conviction under the applicable law, which was correctly charged to the jury."

Appellant filed a motion to abate this appeal on April 3, 2012. He stated therein that the abatement was requested "to determine the origin of the two non-sequential pages from the supplemental record and how the filed jury charge of August 3, 2011 was changed without explanation for the purpose of determining whether there is a record that can be certified to as accurate in this cause." Appellant asked this Court to "abate this appeal and direct the trial court to hold a hearing consistent with the foregoing." On April 16, 2012, this Court abated this appeal as described above.

Pursuant to this Court's abatement order, the trial court held a hearing on August 30, 2012. At the hearing, appellant offered copies of the two jury charges in question into evidence for record purposes. A copy of the second-filed charge was admitted into evidence as exhibit one and a copy of the first-filed charge was admitted into evidence as exhibit two.[2]

Kendra Matthews-Freeman, a deputy clerk in the Dallas County District Clerk's Office, testified that on August 3, 2011, she filed-stamped a jury charge in this case and scanned it into the "On-Base" system. She testified she did not believe at that time that she had scanned the jury charge incorrectly. She stated that on February 3, 2012, she was contacted by Joe Lockhart from the appellate section of the Dallas County district attorney's office, who told her there had to be something wrong with the jury charge in the "On-Base" system. Matthews-Freeman tried

_____

[2] Additionally, a supplemental reporter's record containing the second-filed jury charge was proffered by appellant and admitted into evidence as exhibit three.

4

unsuccessfully to obtain a copy of the jury charge from the court reporter and the district attorney's office. Then, Matthews-Freeman contacted appellant's trial counsel, Dan Eckstein. Matthews-Freeman testified Eckstein had "a complete charge," which consisted of "loose" pages that were not stapled together. According to Matthews-Freeman, she and Eckstein "compared the pages of the charge" and "verified" that "there was two pages missing" from the charge on the "On-Base" system. Matthews-Freeman stated she obtained copies of those two "missing" pages from Eckstein. Then, she stated, "I corrected—I updated On-Base. I made the corrections." Specifically, she printed a copy of the jury charge from the "On-Base" system, then "scanned the entire charge in again" and inserted the two additional pages she had received from Eckstein.

On cross-examination, Matthews-Freeman testified as follows:

Q. Okay. And when you had asked [Eckstein] if he had—well, when you asked him if he had a copy of the jury charge, I mean, is that how you asked it? Or did you ask simply for an original jury charge? Or did he understand—

A. I explained to him the situation that was, you know, going on. I told him that, you know, I had tried to obtain copies from the court reporter and other avenues, and they informed me that the Defense attorney has a copy of the charge. And I wanted to see if he had maintained his copy of the charge in the file. And he said, yes, he keeps a copy of the—generally of his jury charges and—you know, during trials. And he went upstairs, retrieved his file for Larenzo Glenn, and came back with his copy of the jury charge.

Q. And is there anything to lead you to believe that what he gave you was not a copy of the full, final jury charge?

A. No, like I said, he and I, as I said, we compared the pages, page per page, and he had everything that I had with the exception of those two pages.

Eckstein testified in part, ". . . I don't know whether my file contains a completed, final version of the charge that was read to the jury." Additionally, on cross-examination, Eckstein testified as follows:

Q. Mr. Eckstein, is it likely that you would have allowed a charge to go to the jury that didn't have an application paragraph?

. . . .

A. No, I don't think I would have.

Q. . . . And is it likely that you would have let a charge go to the jury that had a sentence on page one that ends mid-sentence with no continuation?

. . . .

A. I don't think so.

After the presentation of evidence, the trial court stated, in part, as follows:

. . . And the Court finds that the Court read the charge as reflected in Defendant[']s Exhibit 1 and 3.

I was the presiding judge, and realized something would have been amiss, when—when reading from page one to page two if there was a large gap in logic, or in sentence structure. . . . I'm not going to read just whatever's in front of me.

. . . And, like I say, [Eckstein's] very good, and the State's attorneys are very good, and they would have seen that the application paragraph wasn't read.

. . . .

So, yes, I'm doing this somewhat on personal experience, but I think that also matters. So, that's why I say, do I know for certain? No. But logic and common sense and practice and how I do things coupled with the fact that neither side objected leads me to the conclusion it was read correctly as it appears in Defendant's Exhibit Number 3.

## II. TRIAL COURT'S DETERMINATIONS RESPECTING JURY CHARGE

### A. Standard of Review and Applicable Law

Texas Rule of Appellate Procedure 34.5, titled "Clerk's Record," includes, in part, the following provisions:

(c) *Supplementation.*

(1) If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item.

. . . .

(d) *Defects or Inaccuracies.* If the clerk's record is defective or inaccurate, the appellate clerk must inform the trial court clerk of the defect or inaccuracy and instruct the clerk to make the correction.

(e) *Clerk's Record Lost or Destroyed.* If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

TEX. R. APP. P. 34.5(c)–(e). Additionally, rule 34.5(a)(4) provides in part that the clerk's record on appeal must include copies of "the court's charge." TEX. R. APP. P. 34.5(a)(4).

We afford almost total deference to a trial court's rulings on questions of fact, particularly when the trial court's ruling turns on the credibility of the witnesses. *See Johnson v. State,* 176 S.W.3d 94, 97 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (involving trial court determination of what constitutes accurate copy of missing jury charge pursuant to rule 34.5(e)).

### B. Analysis

#### 1. Failure to Correctly Apply Rule 34.5(d)

In his first supplemental issue, appellant asserts the trial court erred by failing to correctly apply Texas Rule of Appellate Procedure 34.5(d). Appellant contends "[p]ursuant to rule 34.5(d), the testimony of [Matthews-Freeman] establishes that the appropriate jury charge to be filed in the Appellate Court is that in the original record." Specifically, appellant asserts "[t]he testimony of Matthews-Freeman is undisputed that the original clerk's record contains the charge file-stamped by her on August 3, 2011." According to appellant, rule 34.5(d) "does not provide for the correction of inaccuracies in the Clerk's Record via a hearing with the Trial Court as the arbiter."

Further, appellant contends "[Rule 34.5(e)] does not apply on its face because the 'filing,' in this case the jury charge, is not lost" and "no filing by the district clerk has been lost or destroyed." Rather, appellant argues, "The problem is that there are two filings. The fact that

two pages may have been left out of this filing does not make the filing lost or destroyed. If true, it merely makes the filing inaccurate."[3]

The State asserts it "obviously does not agree . . . that Ms. Matthews-Freeman's testimony established that the document she retrieved from Onbase in February of 2012 was 'the charge file-stamped by her on August 3, 2012.'" Additionally, the State contends "[a]ppellant's construction of rule 34.5(e) is hyper-technical, applies too broad or exclusive of a meaning to 'item,' and ignores that the intent of the rule is to absolutely preclude a new trial merely because a document required to be included in the appellate record has been lost or destroyed." According to the State, "the problem involved in this case is that a *portion* of the jury charge *was* accidentally lost or destroyed by the clerk." (emphasis original). Finally, the State contends that even if rule 34.5(e) is inapplicable, "this Court should find it has inherent authority to make alternative provision for how and why the appellate record is to be supplemented, and appropriately has done so."

The case law does not support appellant's position that rule 34.5(e) is inapplicable where "no filing by the district clerk has been lost or destroyed." *See Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 169 n.5 (Tex. App.—Dallas 2009, no pet.) (trial court ordered to conduct hearing pursuant to rule 34.5(e) to determine what constituted accurate copy of trial court order never received by district clerk's office). Further, appellant cites no authority, and we have found none, precluding application of rule 34.5(e) where only a portion of a document is

---

[3] In addition, appellant asserts that in the event the State argues Texas Rule of Appellate Procedure 34.6(f) is applicable, such argument by the State is incorrect and "[t]his matter is controlled by Rule 34.6(e)." *See* TEX. R. APP. P. 34.6(e)–(f). Rule 34.6 is titled "Reporter's Record." *See id.* Section (e) of that rule, titled "Inaccuracies in the Reporter's Record," provides for the correction of inaccuracies in the reporter's record by agreement or through a trial court hearing. *See id.* The State does not address rule 34.6. Further, the appellate record does not show the jury charge was recorded in the reporter's record, nor does the record show any objections relating to the lack of such recording. Finally, appellant does not explain how rule 34.6(e) applies in this case or cite any authority in support of that position. *See* TEX. R. APP. P. 38.1(i). We conclude this argument by appellant presents nothing for this Court's review. *See id.*

missing. *See* TEX. R. APP. P. 34.5(e). Moreover, this Court has applied rule 34.5(c) in supplementing the appellate record in a case where portions of the jury charge appeared to be missing and a complete copy of the charge could not be located. *Wilkerson v. State*, Nos. 05-11-00060-CR, 05-11-00061-CR, & 05-11-00062-CR, 2012 WL 2877623, at *2–3 (Tex. App.—Dallas July 16, 2012, pet. struck) (not designated for publication) (where application paragraph in jury charge in appellate record ended in mid-sentence and complete copy of charge could not be obtained from district clerk or parties, trial court was ordered to conduct hearing to determine charge read to jury); *see also* TEX. R. APP. P. 2 (appellate court may suspend operation of a rule of appellate procedure and order different procedure for good cause); *Schaired v. State*, 786 S.W.2d 497, 498 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (appellate court "has authority to abate an appeal for an evidentiary hearing in an appropriate case").

We decide against appellant on his first supplemental issue.

### 2. Trial Court's Findings

In his second issue, appellant argues the trial court "abused its discretion in finding that based on [the trial court's] custom and habit the jury was read the charge contained in the Supplemental Clerk's Record." The State responds that the trial judge "reasonably found that the circumstances supported a finding that the original clerk's record failed to include a complete version of the jury charge and that there was little reason to question the accuracy of the version that the clerk later chose to file."

As described above, the record shows Matthews-Freeman testified that after she asked Eckstein whether he had "maintained" a copy of the jury charge, "he went upstairs, retrieved his file for Larenzo Glenn, and came back with his copy." Further, when Matthews-Freeman was asked whether anything led her to believe that what Eckstein gave her was "not a copy of the

9

full, final jury charge," she stated, "No, like I said, he and I, as I said, we compared the pages, page per page, and he had everything that I had with the exception of those two pages."

Eckstein testified in part, ". . . I don't know whether my file contains a completed, final version of the charge that was read to the jury." However, he also testified he does not think it is likely that he would have allowed a charge to go to the jury that "didn't have an application paragraph" or "had a sentence on page one that ends mid-sentence with no continuation."

After the parties concluded the presentation of evidence, the trial judge stated in part (1) "I'm doing this *somewhat* on personal experience" (emphasis added) and (2) "logic and common sense and practice and how I do things coupled with the fact that neither side objected leads me to the conclusion [the jury charge] was read correctly as it appears in Defendant's Exhibit Number 3."

We cannot agree with appellant that the evidence supporting the trial court's finding was limited to the trial court's "custom and habit." According "almost total deference" to the trial court's finding, we conclude the trial court did not err by determining the jury was read the second-filed charge. *See Johnson*, 176 S.W.3d at 97; *Wilkerson*, 2012 WL 2877623 at *2–3; *cf. Pietrzak v. State*, No. 05–01–01687–CR, 2002 WL 31957883 at *4 (Tex. App.—Dallas Jan. 23, 2003, no pet.) (not designated for publication) (concluding reversal not required where record showed no jury charge was ever given to district clerk to file, but reporter's record showed jury properly charged).

We decide against appellant on his second supplemental issue.

### III. CONCLUSION

We decide appellant's two supplemental issues against him. Appellant does not argue that his complaints asserted in his opening appellate brief apply to the second-filed charge, which

was determined by the trial court to be the charge read to the jury. Therefore, we conclude appellant's issues in his opening appellate brief are moot. *Cf. Montgomery v. State*, Nos. 05-11-01200-CR, 05-11-01201-CR, & 05-11-01210-CR, 2013 WL 396287, at *1 (Tex. App.—Dallas Jan. 31, 2013, no pet.) (mem. op., not designated for publication) (issue deemed moot when supplemental record was filed containing items previously alleged to be missing).

The trial court's judgment is affirmed.

_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
111012F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARENZO BERLIN GLENN, Appellant

No. 05-11-01012-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-58147-S.
Opinion delivered by Justice Lang. Justices
Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 19th day of March, 2013.


_____
DOUGLAS S. LANG
JUSTICE